# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

John Cortina, *et al.*,

    Defendants.

Case No. 2:16-CR-160 JVB

## OPINION AND ORDER

Mr. Snyder asks the Court to dismiss Counts 1 and 3 of the indictment. In particular, he argues that gratuities are not covered by 18 U.S.C. § 666 and, if the government intends to prove its case by showing that he received gratuities, then the Court should dismiss these two counts against him. Mr. Snyder wants the government to declare whether it intends to prosecute him under the gratuities theory. The government objects to any such demand and submits that Counts 1 and 3 adequately inform Mr. Snyder of the offenses he's charged with.

The Court agrees with the government.

The Seventh Circuit distinguishes bribes and gratuities as follows: "If the payer's intent is to influence or affect future actions, then the payment is a bribe. If, on the other hand, the payer intends the money as a reward for actions the payee has already taken, or is already committed to take, then the payment is a gratuity." *United States v. Anderson*, 517 F.3d 953, 961 (7th Cir. 2008) (citing *United States v. Agostino*, 132 F.3d 1183, 1195 (7th Cir.1997)). Both bribes and gratuities are crimes in the Seventh Circuit. *See United States v. Johnson*, 874 F.3d 990, 1001 (7th Cir. 2017), cert. denied, 138 S. Ct. 1275, 200 L. Ed. 2d 427 (2018) ("As Walton acknowledges in his brief, this court has ruled that the word 'reward' in § 666 criminalizes the

receipt of bribes and gratuities. *United States v. Hawkins*, 777 F.3d 880, 881 (7th Cir. 2015) ('§ 666 forbids taking gratuities as well as taking bribes.'). So, the district court's instruction, even if it permitted conviction for taking a gratuity, certainly was not clearly erroneous under current law.").

Mr. Snyder argues that the above cases are just dicta and relies on the First Circuit Court of Appeals case, *United States v. Fernandez*, 722 F.3d 1, 26 (1st Cir. 2013), which found gratuities not prohibited under § 666. *See id*. ("By including that language [in the jury instructions], the court improperly invited the jury to convict both Martínez and Bravo for conduct involving gratuities rather than bribes. Consequently, the jury was allowed to convict Martínez and Bravo on a legally erroneous theory."). Mr. Snyder even claims that the Seventh Circuit is waiting for the opportunity to overturn itself and has invited the defendants in *Hawkins*, *supra*, to do just that. (Snyder Br. at 4, DE 129.)

Mr. Snyder exaggerates. *Hawkins* did not invite defendants to argue that gratuities do not fall under § 666 so as to give the Seventh Circuit Court of Appeals an opportunity to overturn its precedent. Rather, *Hawkins* merely acknowledged *Fernandez* and stated a fact: "Defendants have not asked us to overrule *Anderson* and *Agostino* in favor of the position taken in *Fernandez*." *United States v. Hawkins*, 777 F.3d 880, 881 (7th Cir. 2015). There's no invitation there.

In light of the controlling law, the Court denies Mr. Snyder's motion to dismiss Count 1and 3.

SO ORDERED

October 2, 2018                                         s/ Joseph S. Van Bokkelen
                                                                           JOSEPH S. VAN BOKKELEN
                                                                           UNITED STATES DISTRICT JUDGE